1 | Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
2 | Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
3 | JONES DAY
555 California Street, 26th Floor
4 | San Francisco, CA 94104
Telephone: (415) 626-3939
5 | Facsimile: (415) 875-5700

6 | Attorneys for Defendant INTERSIL CORPORATION
LONG TERM DISABILITY POLICY and Real Party
7 | in Interest STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA HILL,** | Case No. C07-05538-EDL ADR |
| **Plaintiff,** | **ANSWER AND DEFENSES TO PLAINTIFF HILL'S COMPLAINT** |
| v. | |
| **INTERSIL CORPORATION LONG TERM DISABILITY POLICY,** | |
| **Defendant,** | |
| **STANDARD INSURANCE COMPANY,** | |
| **Real Party in Interest.** | |

## ANSWER AND DEFENSES

Intersil Corporation Long Term Disability Policy ("Intersil LTD Policy") answers the Complaint of Linda Hill as stated below.

Standard Insurance Company ("Standard") is described as "Real Party in Interest" in the Complaint and contends that no response is required. To the extent, and only to the extent, that a response to the Complaint is required by Standard, it hereby joins in the Answer of Intersil LTD Policy and admits, avers, and denies the allegations of the Complaint as stated in this Answer and alleges each defense stated by Intersil LTD Policy.

1    In response to Plaintiff's unnumbered demand for a jury trial (*see* Complaint p. 1), Intersil LTD Policy denies that a jury trial is appropriate in this case, which is governed by ERISA.  <u>See Blau v. Del Monte Corp.</u>, 748 F.2d 1348, 1356 (9th Cir. 1984); <u>Thomas v. Oregon Fruit Prods. Co.</u>, 228 F.3d 991, 996 (9th Cir. 2000).

    1.    In response to paragraph 1 of the Complaint, Intersil LTD Policy avers that this Court has jurisdiction because the claim is governed by ERISA.  Other than as averred, Intersil LTD Policy denies each and every allegation in paragraph 1.

    2.    In response to paragraph 2 of the Complaint, Intersil LTD Policy admits that that Plaintiff was employed by Intersil Corporation and avers that it is informed and believes that her last day of work was in May, 2005.  Other than as admitted and averred, Intersil LTD Policy denies each and every allegation in paragraph 2.

    3.    In response to paragraph 3 of the Complaint, Intersil LTD Policy admits that Intersil Corporation provides for disability benefits pursuant to insurance group policy number 641807 issued by Standard (the "Plan Policy") and avers that the terms of the Plan Policy speak for themselves.  Intersil LTD Policy also admits that Intersil Corporation resides within this judicial jurisdiction and that the Plan Policy is covered by ERISA.  Other than as admitted and averred, Intersil LTD Policy denies each and every allegation in paragraph 3.

    4.    In response to paragraph 4 of the Complaint, Intersil LTD Policy admits that Standard Insurance Company is a corporation and the subsidiary of StanCorp Financial Group.  Intersil LTD Policy also avers that Standard administers claims made under the Plan Policy and that the terms of the Plan Policy speak for themselves.  Other than as admitted and averred, Intersil LTD Policy denies each and every allegation in paragraph 4.

    5.    In response to paragraph 5 of the Complaint, Intersil LTD Policy denies each and every allegation therein.

    6.    In response to paragraph 6 of the Complaint, Intersil LTD Policy admits the allegations therein.

    7.    In response to paragraph 7 of the Complaint, Intersil LTD Policy admits the allegations therein.

1  8. In response to paragraph 8 of the Complaint, Intersil LTD Policy denies each and every allegation therein.

9. In response to paragraph 9 of the Complaint, Intersil LTD Policy avers that Plaintiff's claim for waiver of her Long Term LTD Life Insurance premium has been denied as of August 2, 2006. Other than as averred, Intersil LTD Policy denies each and every allegation in paragraph 9.

10. In response to paragraph 10 of the Complaint, Intersil LTD Policy avers that it appears that Plaintiff has retained counsel. Other than as averred, Intersil LTD Policy denies each and every allegation in paragraph 10.

**FIRST DEFENSE**

The Complaint, and each cause of action and/or claim for relief, fails to set forth facts sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever.

**SECOND DEFENSE**

Plaintiff is not entitled to benefits under the terms and conditions of the Plan Policy and Intersil LTD Policy is informed and believes that Plaintiff was informed of any rights and claims that she may have against it. Plaintiff conducted herself in such a way as to lead Intersil LTD Policy to believe that she relinquished any rights she had against it, and Intersil LTD Policy has relied upon this conduct to its detriment. Plaintiff, therefore, is estopped from seeking damages or other relief based upon the allegations of the Complaint.

**THIRD DEFENSE**

Intersil LTD Policy is informed and believes that, at all times relevant to the matters alleged in the Complaint, Plaintiff was fully informed of the alleged rights she now asserts. Plaintiff has acted in a manner inconsistent with those rights and, accordingly, has waived the claims she now asserts.

**FOURTH DEFENSE**

The determination with respect to benefits was neither arbitrary nor capricious.

**FIFTH DEFENSE**

Intersil LTD Policy has performed all obligations required by the Plan Policy. Plaintiff is not entitled to any further payment pursuant to the Plan Policy and the payment of any further amount, as demanded by the Plaintiff, would amount to a windfall and unjust enrichment.

**SIXTH DEFENSE**

To the extent Intersil LTD Policy engaged in any of the acts complained of, such acts were excused, justified and/or privileged.

**SEVENTH DEFENSE**

Intersil LTD Policy reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**EIGHTH DEFENSE**

To the extent that the complaint purports to state claims against Standard, all allegations seeking relief under ERISA are improperly pled against Standard. Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir. 1985); 29 U.S.C. §§ 1132(a)(1)(B); 1132(d).

WHEREFORE, Intersil LTD Policy prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein;

2. That the Complaint in its entirety be dismissed, with prejudice;

3. For costs of suit and attorneys' fees herein incurred; and

4. For such other and further relief as the Court may deem just and proper.

Dated: December 20, 2007.                Respectfully submitted,

JONES DAY

By: /s/ - Katherine S. Ritchey
    Katherine S. Ritchey

Counsel for INTERSIL CORPORATION LONG TERM DISABILITY POLICY and Real Party in Interest STANDARD INSURANCE COMPANY