1  Laurence F. Padway (SBN: 089314)
   Gayle G. Codiga (SBN: 114715)
2  LAW OFFICES OF LAURENCE F. PADWAY
   1516 Oak Street, Suite 109
3  Alameda, California 94501
   Telephone: (510) 814-6100
4  Facsimile: (510) 814-0650

5  Attorneys for Plaintiff,
   LINDA HILL
6
   Shawn Hanson (State Bar No. 109321)
7  shanson@jonesday.com
   Katherine S. Ritchey (State Bar No. 178409)
8  ksritchey@jonesday.com
   JONES DAY
9  555 California Street, 26th Floor
   San Francisco, CA 94104
10 Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
11
   Attorneys for Defendant INTERSIL CORPORATION
12 LONG TERM DISABILITY POLICY and Real Party
   in Interest STANDARD INSURANCE COMPANY
13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16

17 | LINDA HILL,                              | Case No. C07-05538-MMC
18 |           Plaintiff,                     | JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
19 |     v.                                   |
                                              | SIGNATURE VIA FACSIMILE
20 | INTERSIL CORPORATION LONG                | DATE:    March 21, 2008
   | TERM DISABILITY POLICY,                  |
21 |                                          | TIME:    10:30 a.m.
   |           Defendant,                     | JUDGE:   The Hon. Maxine M. Chesney
22 |                                          | DEPT.:   Ctrm. 7, 19th Floor
23 |
   | STANDARD INSURANCE COMPANY,
24 |
   |       Real Party in Interest.
25 |

26
         Pursuant to Local Rules 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Linda
27
   Hill ("Plaintiff") and defendant Intersil Corporation Long Term Disability Policy ("Intersil
28

SFI-579627v1                                              Joint Case Management Statement and
                                                                              [Proposed] Order
                                                                             C07-05538-MMC

1 | Disability Policy") and Real Party in Interest Standard Insurance Company ("Standard")
2 | respectfully submit this Joint Case Management Statement in connection with the Case
3 | Management Conference currently scheduled for March 21, 2008.

1. **Jurisdiction and Service**

This Court has original jurisdiction under 28 U.S.C. § 1331 in that this action arises under the Employee Retirement Income Security Act of 1974 ("E.R.I.S.A."), 29 U.S.C. § 1132. Venue is proper in this court under 28 § U.S.C. 1132(g). All parties have been served at this point.

2. **Facts**

Intersil Corporation provided certain employee benefits, including long term disability coverage, to its employees. The long term disability coverage was funded by a group long-term disability insurance policy (the "Plan Policy") issued by Standard.

Plaintiff ceased work on or about May 2, 2005. Plaintiff's claim for long term disability benefits was initially approved and paid from August 2, 2005 to August 1, 2006. By letter dated August 29, 2006, Standard closed Plaintiff's claim after its determination that she no longer met the definition of disability under the Plan Policy. By letter dated September 18, 2006, Plaintiff requested a review of Standard's decision to close her claim. On December 4, 2006, Standard informed Plaintiff that her claim would remain closed and her claim would be reviewed by the Administrative Review Unit. Thereafter, Plaintiff sought (and was granted) a series of extensions to supplement the administrative record. On October 10, 2007, the administrative review unit affirmed the closure of Plaintiff's claim. In this lawsuit, Plaintiff seeks benefits since August 2, 2006, and Standard maintains that Plaintiff is not entitled to any relief.

3. **Legal Issues**

The primary legal issue is whether Plaintiff was entitled to benefits under the terms of the Plan Policy, which is governed by E.R.I.S.A.

4. **Motions**

If Plaintiff intends to seek discovery outside the administrative record, Intersil Disability Policy and/or Standard anticipate filing a motion regarding the scope of the Court's review under E.R.I.S.A. to determine if evidence outside the administrative record will be admissible and,

- 2 -
SFI-579627v1

Joint Case Management Statement and
[Proposed] Order
C07-05538-MMC

PAGE 3/7 * RCVD AT 3/12/2008 11:06:53 AM [Pacific Daylight Time] * SVR:SFFX01MS/2 * DNIS:36899 * CSID:5108140650 * DURATION (mm-ss):01-36

therefore, if discovery is appropriate.

In addition, Plaintiff and Intersil Disability Policy and/or Standard anticipate filing dispositive motions. The parties propose that all dispositive motions be filed no later than July 25, 2008.

5. **Amendments of Pleadings**

The parties do not currently anticipate amendment of the pleadings.

6. **Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. At this point, the parties agree that relevant evidence likely will be contained in the parties' initial disclosures, and that this case does not implicate electronic discovery, thereby obviating the need to preserve electronic information unless and until either party notifies the other in writing.

7. **Disclosures**

The parties do not currently believe any changes to the timing, form or requirements for disclosures under Rule 26(a) are necessary and intend to make disclosures within the timeframe required by Rule 26.

8. **Discovery**

Intersil Disability Policy and Standard do not anticipate further discovery because this is an E.R.I.S.A. case and the Court's review will be limited to the administrative record, which was produced in initial disclosures. To the extent Plaintiff contends otherwise, the parties provide the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

Intersil Disability Policy and Standard contend that in E.R.I.S.A. cases the Court's review is limited to the administrative record and, therefore, that discovery is not reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff seeks discovery outside the administrative record, which has been produced in initial disclosures, the parties will meet and confer in an attempt to resolve the issue informally. If necessary, the parties will submit briefing to the Court on this issue.

9. **Class Actions**

Not applicable.

10. **Related Cases**

This case is not related to any other case pending in this district, including the bankruptcy courts in this district.

11. **Relief**

Plaintiff seeks long term disability benefits based upon a date of disability of August 2, 2006 and extending through to Plaintiff's 65th birthday on August 24, 2011, of $2,066.00 a month, amounting to the approximate sum of $123,960.00. Plaintiff also seeks payment of her Long Term Disability Insurance Premium of approximately $150.00 per month from August 2, 2006 to August 24, 2011, amounting to the approximate sum of $9,000.00. Additionally, Plaintiff seeks costs of suit and attorneys' fees, which Plaintiff estimates to be $150,000.00 through trial. Intersil Disability Policy and Standard dispute that Plaintiff is entitled to any benefits or other relief under the Plan Policy, or at all, and seeks an award of its costs and attorneys' fees.

12. **Settlement and ADR**

The parties believe that an early mediation is appropriate for this case, and have agreed to pursue ADR through a court-appointed mediator.

13. **Consent to a Magistrate Judge for All Purposes**

Standard declined assignment of this case to a magistrate judge for all purposes.

14. **Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties do not believe that the issues can be narrowed at this point.

16. **Expedited Schedule**

Because the Court's review will be limited to the administrative record, the parties agree that an expedited schedule is appropriate if the matter is not resolved by early mediation.

- 4 -
SF1-579627v1
Joint Case Management Statement and [Proposed] Order
C07-05538-MMC

PAGE 5/7 * RCVD AT 3/12/2008 11:06:53 AM [Pacific Daylight Time] * SVR:SFFX01MS/2 * DNIS:36899 * CSID:5108140650 * DURATION (mm-ss):01-36

Specifically, the parties contemplate resolution of the case by dispositive motions on the administrative record. The motions will substitute for a trial.

17. **Scheduling**

The parties agree to file dispositive motions on July 25, 2008. The parties agree to file responses on August 15, 2008. The parties will be prepared for an argument on the motions at the Court's earliest convenience thereafter, and propose an argument on August 29, 2008.

18. **Trial**

The parties propose that the motion briefing schedule proposed above serves as a trial on the administrative record, with oral argument lasting approximately one-half day on or about August 29, 2008.

19. **Disclosure of Non-Party Interested Entities or Persons**

Intersil Disability Policy and/or Standard filed a "Certification of Interested Entities or Persons" in which it disclosed that StanCorp Financial Group, Inc. (parent company of Standard), and Intersil Corporation (Plan Administrator of the Intersil Disability Policy) are interested entities in this matter.

20. **Other**

There are currently no other matters to facilitate the disposition of this action.

| | | |
|---|---|---|
| 1 | Dated: March 12, 2008 | Respectfully submitted, |
| 2 | | Jones Day |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Katherine S. Ritchey |
| 6 | | Attorney for Defendant INTERSIL CORPORATION LONG TERM DISABILITY POLICY and Real Party in Interest STANDARD INSURANCE COMPANY |
| 7 | | |
| 8 | | |
| 9 | Dated: March 11, 2007 | Law Offices of Laurence F. Padway |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Gayle G. Codiga |
| 13 | | Attorney for Plaintiff LINDA HILL |

Joint Case Management Statement and
[Proposed] Order
- 6 -
SF1-579627v1
C07-05538-MMC

**IT IS SO ORDERED.**

Dated: _____, 2008    By:_____
                                                       The Honorable Maxine M. Chesney
                                                       United States District Court Judge